IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL SALGADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| CITY OF WAUKEGAN and OFFICER | ) |
| DANTE SALINAS, in his individual and | ) |
| official capacity, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the plaintiff, ANGEL SALGADO, by and through his attorneys, O'CONNOR LAW FIRM, LTD., and for his complaint at law against the defendants, CITY OF WAUKEGAN and OFFICER DANTE SALINAS, alleges as follows:

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the defendants' tortious conduct and their deprivation of plaintiff's rights secured by the U.S. Constitution.

2. This Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his state-law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper under 28 U.S.C. §1391(b). Plaintiff resides in this judicial district, the defendants reside in this judicial district, and the events and omissions giving rise to plaintiff's claims occurred within this judicial district.

## PARTIES

4. Plaintiff, ANGEL SALGADO, is a resident of the city of WAUKEGAN, county of Lake, and state of Illinois.

1

5. Defendant, CITY OF WAUKEGAN, is an Illinois municipal corporation that is or was the employer of the individual police officer named as defendant herein. At all relevant times, the aforementioned officer acted as the agent of CITY OF WAUKEGAN. Furthermore, defendant, CITY OF WAUKEGAN, is a necessary party and is ultimately responsible for judgment.

6. At all relevant times, Defendant, OFFICER DANTE SALINAS (hereinafter "OFFICER SALINAS"), was an employee and/or duly authorized agent of the CITY OF WAUKEGAN and was acting in the course and scope of his employment.

7. At all relevant times, OFFICER SALINAS, was acting under the color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF WAUKEGAN. OFFICER SALINAS is being sued in his individual and official capacity.

## GENERAL ALLEGATIONS

8. On or about August 31st, 2019, Victory Street was a public roadway running in a general northerly-southerly direction at or near its intersection with 9th Street in the city of Waukegan, county of Lake, and state of Illinois.

9. On or about August 31st, 2019, 9th Street is a public roadway running in a general easterly-westerly direction at or near its intersection with Victory Street in the city of Waukegan, county of Lake, and state of Illinois.

10. On or about August 31st, 2019, the plaintiff, ANGEL SALGADO, was attending a baptism party for his nephew at 832 Victory Street at or near its intersection with 9th Street in the city of Waukegan, county of Lake, and state of Illinois.

11. On or about August 31st, 2019, and at all times relevant, defendant, OFFICER SALINAS, as the actual and/or apparent agent, employee, and/or servant of the defendant, CITY

OF WAUKEGAN, was patrolling on Victory Street in his police vehicle at or near its intersection of 9th Street in the city of Waukegan, county of Lake, and state of Illinois.

12. At the aforementioned time and place, defendant, OFFICER SALINAS, confronted the plaintiff, ANGEL SALGADO, who was behaving lawfully and within his rights on the property belonging to his father-in-law located at 832 Victory Street, in the city of Waukegan, county of Lake, and state of Illinois .

13. At the aforementioned time and place, defendant, OFFICER SALINAS, drew his weapon and threatened plaintiff, ANGEL SALGADO, escalating the situation and causing the plaintiff to fear for his well-being.

14. Defendant, OFFICER SALINAS, deployed his taser on the compliant plaintiff, ANGEL SALGADO, and initiated a physical altercation following its deployment.

15. Plaintiff, ANGEL SALGADO, believing this treatment was unlawful, resisted arrest and has since plead guilty to that crime, not knowing compliance was required in all actions of police when placing someone under arrest even when unlawful.

16. During the ensuing scuffle, defendant, OFFICER SALINAS, called for back up and was assisted by additional members of the Waukegan Police Department, who were successfully able to subdue and handcuff plaintiff, ANGEL SALGADO.

17. After plaintiff, ANGEL SALGADO, was brought into compliance and was in the custody of Waukegan Police Department, defendant, OFFICER SALINAS, struck the plaintiff in the face with the butt of his weapon, causing severe lacerations and several bone fractures.

18. As a result, on or about August 31st, 2019, plaintiff, ANGEL SALGADO, was arrested related to events that occurred at 832 Victory Street, in the city of Waukegan, county of Lake, and state of Illinois.

19. Plaintiff, ANGEL SALGADO, was charged with misdemeanor resisting arrest for the events that occurred on August 31st, 2019.

20. On or about July 1, 2020, plaintiff, ANGEL SALGADO plead guilty to resisting arrest for the events that occurred between the time he was told he was under arrest until he was subdued in handcuffs. None of the claims being made by the plaintiff in this complaint call into question or would subvert his guilty plea to resisting arrest.

**Assault v. OFFICER SALINAS**

21. On or about August 31st, 2019, defendant, OFFICER SALINAS, knowingly engaged in conduct that placed plaintiff, ANGEL SALGADO, in a reasonable apprehension of receiving a battery when he approached him with his weapon drawn.

22. Defendant, OFFICER SALINAS, individually and/or as agent, employee and/or servant of CITY OF WAUKEGAN, intentionally placed plaintiff, ANGEL SALGADO, in fear for his safety for no other reason besides his presence in a "high-crime" neighborhood, as the plaintiff was acting lawfully and within his rights at this time.

23. As a direct and proximate result of the acts and omissions of the defendant, OFFICER SALINAS, individually and/or as agent, employee, servant of CITY OF WAUKEGAN, the Plaintiff, ANGEL SALGADO, was injured and was thereby injured internally, externally and otherwise, both temporarily and permanently. Plaintiff thereby became sick, sore, lame diseased, and disordered and so remained for a long time. During this period, Plaintiff suffered or will suffer great pain and was hindered and prevented from attending his business and affairs. Plaintiff was and/or will be thereby compelled to pay out, expend and/or become liable for large sums of money in and about endeavoring to be cured of his injuries.

WHEREFORE, the Plaintiff, ANGEL SALGADO, prays for judgment against the defendant, OFFICER SALINAS, in an amount in excess of $75,000.00, plus costs, and for any other relief the Court deems equitable and just.

### False Arrest v. OFFICER SALINAS

24. On or about August 31st, 2019, defendant, OFFICER SALINAS's initial arrest of the plaintiff, ANGEL SALGADO, was done so without justification and/or probable cause, while he acted under the color of law. This constituted a violation of plaintiff, ANGEL SALGADO's constitutionally protected rights. This allegation does not include the ultimate arrest and charge for resisting.

25. As a direct and proximate result of the aforementioned actions and/or omission of defendant, OFFICER SALINAS, the plaintiff, ANGEL SALGADO, was deprived of the rights, privileges, and immunities guaranteed by the Fourth Amendment and/or Fourteenth Amendment of the United States Constitution, namely he was subjected to an unreasonable seizure.

WHEREFORE, plaintiff, ANGEL SALGADO, demands compensatory damages from the defendants, CITY OF WAUKEGAN, and OFFICER SALINAS. Plaintiff, ANGEL SALGADO, demands judgment against both defendants jointly and severally and further demands punitive damages, costs and attorney fees against the OFFICER SALINAS and any additional relief this Court deems equitable and just.

### 42 U.S.C. § 1983 – Excessive Force v. OFFICER SALINAS

26. On or about August 31st, 2019, defendant, OFFICER SALINAS's actions of striking plaintiff, ANGEL SALGADO with his weapon in the face, while acting under the color

of law, amounted to unnecessary and excessive force to the person of the plaintiff, ANGEL SALGADO, when there were no reasonable grounds to do so.

27. On or about August 31st, 2019, none of the plaintiff, ANGEL SALGADO's actions justified this use of unnecessary and excessive force by defendant, OFFICER SALINAS.

28. Defendant, OFFICER SALINAS's actions were malicious, willful and wanton, and constituted a reckless and deliberate indifference to plaintiff, ANGEL SALGADO's constitutionally protected rights, while acting under the color of law.

29. As a direct and proximate result of the aforementioned actions and/or omission of defendant, OFFICER SALINAS, the plaintiff, ANGEL SALGADO, was deprived of the rights, privileges, and immunities guaranteed by the Fourth Amendment and/or Fourteenth Amendment of the United States Constitution, namely he was subjected to an unreasonable use of force.

30. In addition, as a direct and proximate result of the aforementioned actions and/or omission of defendant, OFFICER SALINAS, the plaintiff, ANGEL SALGADO, suffered, was injured and was thereby injured internally, externally and otherwise, and Plaintiff thereby became sick or injured. Plaintiff suffered or will suffer great pain; and Plaintiff was or will be thereby compelled to pay out, expend and/or become liable for large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, plaintiff, ANGEL SALGADO, demands compensatory damages from the defendants, CITY OF WAUKEGAN, and OFFICER SALINAS. Plaintiff, ANGEL SALGADO, demands judgment against both defendants jointly and severally and further demands punitive damages, costs and attorney fees against the OFFICER SALINAS and any additional relief this Court deems equitable and just.

## Willful and Wanton Conduct (State Law Claim) v. OFFICER SALINAS

31. Defendant, OFFICER SALINAS, individually, and as agent, employee, and/or servant of CITY OF WAUKEGAN, had a duty to refrain from willful and wanton conduct.

32. At all relevant times, plaintiff, ANGEL SALGADO, exercised ordinary care for his own safety.

33. On or about August 31st, 2019, defendant, OFFICER SALINAS, acted with reckless disregard and/or willful and wanton conduct, and showed an utter indifference as to the safety of the plaintiff, ANGEL SALGADO, when he instigated a physical altercation after antagonizing the plaintiff and proceeded to taze, punch, and batter the plaintiff after he was already handcuffed and in custody.

34. As a direct and proximate result of the acts and omissions of the defendant, OFFICER SALINAS, individually and/or as agent, employee, servant of CITY OF WAUKEGAN, the Plaintiff, ANGEL SALGADO, was thereby injured internally, externally and otherwise, both temporarily and permanently. Plaintiff suffered numerous bruises, lacerations and bone fractures due to the actions of the defendant, OFFICER SALINAS. During this period, Plaintiff suffered or will suffer great pain and was hindered and prevented from attending his business and affairs. Plaintiff was and/or will be thereby compelled to pay out, expend and/or become liable for large sums of money in and about endeavoring to be cured of his injuries.

WHEREFORE, the Plaintiff, ANGEL SALGADO, prays for judgment against the defendant, OFFICER SALINAS, in an amount in excess of $75,000.00, plus costs, and for any other relief the Court deems equitable and just.

**Willful and Wanton Conduct (State Law Claim) v. CITY OF WAUKEGAN**

35. Defendant, CITY OF WAUKEGAN, by and through its agent, employee, and servant, OFFICER SALINAS, had a duty to refrain from willful and wanton conduct.

36. At all relevant times, plaintiff, ANGEL SALGADO, exercised ordinary care for his own safety.

37. On or about August 31st, 2019, defendant, CITY OF WAUKEGAN, by and through its agent, employee, and servant, OFFICER SALINAS, acted with reckless disregard and/or willful and wanton conduct, and showed an utter indifference as to the safety of the plaintiff, ANGEL SALGADO, when he instigated a physical altercation after antagonizing the plaintiff and proceeded to taze, punch, and batter the plaintiff after he was already handcuffed and in custody.

38. As a direct and proximate result of the acts and/or omissions of the defendant, CITY OF WAUKEGAN, by and through its agent, employee, and servant OFFICER SALINAS, the Plaintiff, ANGEL SALGADO, was injured and was thereby injured internally, externally and otherwise, both temporarily and permanently. Plaintiff thereby became sick, sore, lame diseased, and disordered and so remained for a long time. During this period, Plaintiff suffered or will suffer great pain and was hindered and prevented from attending his business and affairs. Plaintiff was and/or will be thereby compelled to pay out, expend and/or become liable for large sums of money in and about endeavoring to be cured of his injuries.

WHEREFORE, the Plaintiff, ANGEL SALGADO, prays for judgment against the defendant, CITY OF WAUKEGAN, in an amount in excess of $75,000.00, plus costs, and for any other relief the Court deems equitable and just.

### Failure to Train (State Claim) V. CITY OF WAUKEGAN

39. Defendant, CITY OF WAUKEGAN, failed to adequately train, prepare, and equip defendant, OFFICER SALINAS, to de-escalate potential confrontations, calm agitated citizens and refrain from creating hazardous situations and using excessive force that leads to physical altercations such as the one that he initiated with the law-abiding plaintiff, ANGEL SALGADO.

40. As a direct result of defendant, CITY OF WAUKEGAN's failure to adequately train, prepare, and equip defendant, OFFICER SALINAS, plaintiff, ANGEL SALGADO's civil rights were violated and he was unlawfully assaulted and battered by defendant, OFFICER SALINAS, resulting in injuries including numerous facial fractures.

WHEREFORE, the plaintiff, ANGEL SALGADO, prays for judgment against the defendant, CITY OF WAUKEGAN for compensatory damages, costs, attorney's fees, and any other relief the Court deems equitable and just.

### Monell Claim-Violation of 42 U.S.C §1983 v. CITY OF WAUKEGAN

41. Defendant, CITY OF WAUKEGAN's policymakers, Mayor Sam Cunningham and Chief of Police Wayne Walles, acceptance of the pattern and practice among its police officers using excessive force and unconstitutional police tactics created a practice, although not written or express municipal policy, so widespread, permanent, and settled it constituted a custom or usage within the Waukegan Police Department.

42. As final policy makers, Mayor Sam Cunningham and Chief of Police Wayne Walles, by creating this custom or usage of excessive force during the arrest and/or detention of accused individuals amounted to a policy decision.

43. The policy decision of defendant, CITY OF WAUKEGAN's policymakers, Mayor Sam Cunningham and Chief of Police Wayne Walles, caused the violation of plaintiff, ANGEL SALGADO's civil rights.

WHEREFORE, the plaintiff, ANGEL SALGADO, prays for judgment against the defendant, CITY OF WAUKEGAN for compensatory damages, costs, attorney's fees, and any other relief the Court deems equitable and just.

### Battery (State Law Claim) v. OFFICER SALINAS

44. Defendant, OFFICER SALINAS, individually and/or as agent, employee and/or servant of CITY OF WAUKEGAN, intentionally punched, tased, and battered Plaintiff, ANGEL SALGADO, with his weapon after the plaintiff had been successfully hand-cuffed by the defendant and his fellow officers.

45. As a direct and proximate result of the acts and omissions of the defendant, OFFICER SALINAS, individually and/or as agent, employee, servant of CITY OF WAUKEGAN, the Plaintiff, ANGEL SALGADO, was injured and was thereby injured internally, externally and otherwise, both temporarily and permanently. Plaintiff thereby became sick, sore, lame diseased, and disordered and so remained for a long time. During this period, Plaintiff suffered or will suffer great pain and was hindered and prevented from attending his business and affairs. Plaintiff was and/or will be thereby compelled to pay out, expend and/or become liable for large sums of money in and about endeavoring to be cured of his injuries.

WHEREFORE, the Plaintiff, ANGEL SALGADO, prays for judgment against the defendant, OFFICER SALINAS, in an amount in excess of $75,000.00, plus costs, and for any other relief the Court deems equitable and just.

**False Arrest - Agency (State Law Claim) v. CITY OF WAUKEGAN**

46. On or about August 31st, 2019, Defendant, CITY OF WAUKEGAN, by and through its agents, employees, and servants, including OFFICER SALINAS, arrested and/or contributed to the arrest of the plaintiff, ANGEL SALGADO, detained him for a period of time, and did so without any reasonable grounds to believe that plaintiff, ANGEL SALGADO, committed a criminal offense. This allegation does not include the ultimate arrest and charge for resisting.

47. As a direct and proximate result of the acts and/or omissions of the defendant, CITY OF WAUKEGAN, by and through agents, employees, and servants, OFFICER SALINAS, the Plaintiff, ANGEL SALGADO, was injured and was thereby injured internally, externally and otherwise, both temporarily and permanently. Plaintiff thereby became sick, sore, lame diseased, and disordered and so remained for a long time. During this period, Plaintiff suffered or will suffer great pain and was hindered and prevented from attending his business and affairs. Plaintiff was and/or will be thereby compelled to pay out, expend and/or become liable for large sums of money in and about endeavoring to be cured of his injuries.

WHEREFORE, the Plaintiff, ANGEL SALGADO, prays for judgment against the defendant, CITY OF WAUKEGAN, in an amount in excess of $75,000.00, plus costs, and for any other relief the Court deems equitable and just.

**745 ILCS 10/9-102 – Indemnification Claim v. CITY OF WAUKEGAN**

48. In the event that any individual Defendant is found liable for their actions performed in the course of their employment, the CITY OF WAUKEGAN, must indemnify such employee for this verdict pursuant to 745 ILCS 10/2-302.

WHEREFORE, Plaintiff, individually demands that the CITY OF WAUKEGAN, pay for any compensatory judgment against individual defendants who acted in the course of their employment.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

O'CONNOR LAW FIRM, LTD.

/s/Matthew M. Popp
Matthew M. Popp

Matthew M. Popp (ARDC #6321315)
Kevin W. O'Connor (ARDC#6216627)
O'CONNOR LAW FIRM, LTD.
19 South LaSalle Street, Suite 1400
Chicago, Illinois 60603
Phone: (312) 906-7609
Fax: (312) 263-1913
koconnorlaw@koconnorlaw.com
mpopp@koconnorlaw.com
firm@koconnorlaw.com